UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELEAZAR SANDOVAL-RIVAS, <br><br> Defendant. | NO. CR-01-0165-RHW <br> CV-05-128-RHW <br><br> **ORDER SUMMARILY DISMISSING 28 U.S.C. § 2255 MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE PURSUANT TO RULE 4(b)** |

Before the Court is Defendant's Motion to Vacate, Set-Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, filed on April 22, 2005 (Ct. Rec. 90). In his motion, Mr. Sandoval contends that (1) the indictment did not charge every element of the offense; and (2) the court applied sentencing enhancements in violation of *United States v. Booker*, 125 S. Ct. 738 (2005).

## BACKGROUND

Mr. Sandoval was indicted on October 23, 2001 with being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326 (Ct. Rec. 8). On March 17, 2003, the Defendant was convicted by a jury of illegal reentry (Ct. Rec. 51). On June 11, 2003, Defendant was sentenced to 77 months imprisonment (Ct. Rec. 62). The Defendant timely appealed his conviction and sentence (Ct. Rec. 63). The Government filed a cross-appeal (Ct. Rec. 69). On November 10, 2003, the Ninth Circuit granted the Government's motion for voluntary dismissal of the cross-appeal (Ct. Rec. 86). On September 20, 2004, the Ninth Circuit issued its

**ORDER SUMMARILY DISMISSING 28 U.S.C. § 2255 MOTION \* 1**

order on the Defendant's appeal, affirming the Defendant's conviction and sentence (Ct. Rec. 89). The mandate issued on October 18, 2004 (Ct. Rec. 60).

## DISCUSSION

Section 2255 provides that if the Motion, file, and records "conclusively show that the movant is entitled to no relief" the Court may summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a section 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), Rules-Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf., United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Section 2255 provides for a 1-year period of limitation. In his motion, Mr. Sandoval states that he "is aware of the time period being expired." From the face of Mr. Sandoval's motion, however, it appears that his motion is timely. The 1-year period begins to run 90 days after the time for filing a certiorari petition to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1059-60 (9th Cir. 2000). The mandate from the Ninth Circuit's opinion issued on October 18, 2004, and the present motion was filed on April 22, 2005. Therefore, the time limitation of section 2255 has not run.

**A.    Omission of Arrest Element from Indictment**

In his motion, Mr. Sandoval contends that the indictment failed to allege the "arrest element" of the offense of 8 U.S.C. § 1326, and that based on this jurisdictional defect, the Court should grant his motion. Mr. Sandoval cites *United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999) to support this proposition.

**ORDER SUMMARILY DISMISSING 28 U.S.C. § 2255 MOTION \* 2**

*Cabrera-Teran*, however, has been overruled by *United States v. Cotton*, which held that an error in an indictment that fails to allege an element of an offense is not jurisdictional. 535 U.S. 625, 631-32 (2002); *see also United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002) (recognizing *Cabrera-Teran* as overruled by *Cotton*). In *Cotton*, the Supreme Court instructed courts to apply the "plain-error" standard to determine whether an indictment omission was plain error that affects a Defendant's substantive rights. *Id.* at 632 (*citing Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *see also United States v. Velasco-Medina*, 305 F.3d 839 (9th Cir. 2002) (holding that omission of specific intent element from indictment charging violation of section 1326 did not deprive the court of jurisdiction).

The Court finds that no plain error was committed because there is no "arrest element" to 8 U.S.C. § 1326. The indictment properly alleged (1) that the Defendant was a citizen and national of Mexico; (2) who had been previously denied admission, excluded, deported and removed from the United States; (3) and was found in the United States at a later date; (4) without the express consent of the Attorney General and the Immigration and Naturalization Service (Ct. Rec. 8). The statute requires no more.

**B.     Sentence Unconstitutional Under *Booker***

The Defendant also argues that his sentence is unconstitutional because the district court applied sentencing enhancements based upon facts that were not determined by a jury beyond a reasonable doubt, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). Despite the fact that Mr. Sandoval's petition was timely filed, the relief requested is not available because the Supreme Court has not made Booker retroactively applicable to cases on collateral review. *See Cook v. United States*, ___F.3d ___, 2004 WL 2365221 (9th Cir. October 22, 2004) (declining to entertain a successive § 2255 petition on the basis that the Supreme Court had not made *Blakely* retroactive to cases on collateral review). This Court

**ORDER SUMMARILY DISMISSING 28 U.S.C. § 2255 MOTION * 3**

does not anticipate that *Booker* will be made retroactive on collateral review, given that the Supreme Court has declined to do so in either *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *Ring v. Arizona*, 536 U.S. 584 (2002). *See Schiro v. Summerlin*, 124 S. Ct. 2519 (2004) (*Ring*); *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002)(*Apprendi*). Nevertheless, if the Supreme Court determines in the future that *Booker* is retroactive, Mr. Sandoval may refile his petition pursuant to the limitation provision of 28 U.S.C. § 2255(3).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set-Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 90) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to Defendant and **close the file**.

**DATED** this 22nd day of June, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2001\Sandoval-Rivas\sandoval.2255.ord.wpd

**ORDER SUMMARILY DISMISSING 28 U.S.C. § 2255 MOTION** * 4